UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-04057 |
| ) | |
| $30,500.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action to forfeit property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency is money furnished or intended to be furnished in exchange for a controlled substance, the proceeds traceable to such an exchange, or otherwise used or intended to be used to facilitate a violation of the Controlled Substances Act.

**PARTIES, JURISDICTION, AND VENUE**

2. The defendant property is Thirty Thousand Five Hundred Dollars in United States Currency ("$30,500.00" or "Defendant Currency") seized by the United States Department of Homeland Security, Homeland Security Investigations ("DHS-HSI" or "HSI"), on August 24, 2018, as a result of a consent search.

3. The Defendant Currency has been assigned Asset Identification Number 18-CBP-000497. It has been transferred to the United States Department of Homeland Security,

Customs and Border Protection ("DHS-CBP").

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and §1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b) in that the forfeiture accrued in the Southern District of Indiana.

## FACTS

7. DHS-HSI oversees a program at the Indianapolis International Airport in which it receives information on the travel bookings of domestic passengers who exhibit unusual booking activity involving cities that are known sources for unlawful controlled substances. HSI agents then check the backgrounds of these passengers to see if they may be acting as a drug courier or involved in transporting controlled substance proceeds.

8. On August 24, 2018, Ms. Asia Malone was present at the Indianapolis International Airport with a ticket to Los Angeles. Malone had purchased the ticket within days of her flight and then rebooked it multiple times that same day. Malone had also traveled from Indianapolis to Los Angeles previously on short trips, lasting only for a couple of days. HSI's criminal records check showed that Malone, in May 2017, had been convicted of welfare fraud, a

Class A misdemeanor. *See State of Indiana v. Asia Malone*, Cause No. 49G02-1503-FC-009298 (Marion Superior Court). Malone's plea agreement resulted in charges of class C felony forgery, class D felony theft, and class D felony perjury being dismissed.

9. HSI worked with an officer of the Indianapolis Metropolitan Police Department ("IMPD") to have a state law enforcement canine inspect Malone's two checked suitcases in a secure part of the airport. The canine is trained and certified in the detection, by odor, of cocaine, heroin, methamphetamine, MDMA, and marijuana. The examination resulted in the canine's positive alerts to the odor of a controlled substance on both checked suitcases.

10. HSI agents encountered Malone at her departure gate and asked if they could speak with her in a seating area away from other passengers. Malone stated that she was flying to Las Vegas on her way to Los Angeles to attend a friend's birthday party with her family. Malone stated that she had to change her departure flight several times because she was running late after driving back from the Beyoncé concert in Nashville, Tennessee the evening before.

11. Malone denied having any illegal narcotics or firearms in her carry-on bags but stated that she was carrying a large amount of currency. Malone granted verbal permission for the agents to search her carry-on shoulder bag to look at the currency.

12. Inside Malone's carry-on bag, agents found several Chase Bank and Regions Bank envelopes, which contained what appeared to be mostly older bills, not the fresh bills typically issued by banks. Although two stacks of currency were bank-banded, three stacks of currency were rubber-banded.



13. When asked about the amount of currency in her possession, Malone stated that she had twenty thousand dollars. Malone stated that she withdrew the currency from her Regions Bank account the Monday before the Beyoncé concert. Malone was asked if she had any withdrawal slips or information on her cell phone to show that the currency came from her bank account; Malone stated that she did not.

14. An agent asked Malone if she had any credit or debit cards in her purse. Malone stated that she did not. Malone then granted permission for the agent to look inside her wallet. The agent saw a Regions Bank debit card with "Valued Customer" listed on the name line. Malone stated that this card was her debit card but was unable to explain why it did not list her actual name, although she claimed that she provides her PIN number when using the card.

15. Malone reiterated that she was flying to California to attend her cousin's birthday party, which differed from her initial statement that she was flying to California for a friend's birthday party. An agent asked Malone if she had any text messages on her cell phone about the birthday party in California. Malone looked through her phone and showed the agent two messages that did not mention a birthday party.

16. Malone was asked by the HSI agent if she was currently working. Malone stated that she works at a family restaurant called "AM Wings" and that her mother, Deneice Anderson,

4

is its owner. Malone stated that she makes $20 per hour working at AM Wings and that she makes about $80,000 per year.

17. The HSI agent asked Malone when she last traveled to Los Angeles. Malone stated that she last flew there in July and denied having traveled there previously during August. Malone's statement was contradicted by information from the airline, which had advised HSI that Malone last flew from Indianapolis to Los Angeles on August 11, 2018 before returning to Indianapolis on August 13, 2018.

18. The HSI agent seized the Defendant Currency found in Malone's carry-on bag, believing it was the proceeds of a controlled substance or money laundering offense. Malone stated that the amount of currency in her possession was $35,000, which differed from the amount in her initial statement. Malone stated that her mother, Deneice Anderson, gave her $45,000 at the beginning of July and that the $35,000 in her shoulder bag was left over from that.

19. The Defendant Currency was placed in an evidence bag, and allowed to be inspected by the drug detection canine. The canine gave a positive alert to the odor of a controlled substance on the evidence bag containing the Defendant Currency.

20. The Defendant Currency was counted and found to be $30,500.00 in the following denominations: 86 (eighty-six) $50 bills and 262 (two hundred sixty-two) $100 bills.

21. DHS-HSI conducted background research on Malone's claimed source of employment income, AM Wings. Indiana Secretary of State records showed that AM Wings LLC was formed on July 29, 2016 and listed its principal office address as 3007 N. Sherman Drive in Indianapolis. On August 25, 2018, the lead HSI agent drove to 3007 N. Sherman Drive to see if AM Wings was still in operation. The business was found to be permanently closed. Signs on the front window and door stated that a business named "PG Jones" would be opening

at the site on September 4, 2018.

22. On October 1, 2018, the lead HSI agent and a task force officer met with and interviewed Deneice Anderson at the Indianapolis address which Malone had told them was Malone's address. Anderson stated that Malone did not live there, and Malone was not present. Anderson stated that she is Malone's aunt and not her mother. Anderson stated that her business, AM Wings, closed in June 2018 and that she was currently working at Wal-Mart. Anderson was asked about her knowledge that money was seized from Malone. Anderson stated that Malone was going to California to buy supplies for Malone's eyelash business. Anderson stated that she gave Malone $10,000, saved from AM Wings, as an investment in Malone's eyelash business. The HSI agent told Anderson about Malone's statement at the airport that Anderson had given Malone $45,000 in July. Anderson stated that Malone was lying and that she did not give Malone $45,000. Anderson stated that Malone does not have a bank account.

23. Indiana Department of Workforce Development records for Malone and Anderson show the following regarding their employment histories. For the year spanning the fourth quarter of 2017 through the third quarter of 2018, Malone's employment wages from all sources totaled $10,345.96. For the same period, Anderson's employment wages from all sources totaled $15,096.39.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

24. DHS-CBP mailed timely notices of seizure to Malone and Anderson, notifying them of the agency's intent to pursue administrative forfeiture of the Defendant Currency. The notice gave each potential claimant the options to file a petition for administrative reconsideration, submit an offer in compromise, abandon the property, or file a claim requesting

referral for court proceedings.

25. On November 26, 2018, DHS-CBP received a timely claim from Malone claiming $20,000.00 and requesting referral for court proceedings. On that same day, DHS-CBP received a timely claim from Anderson claiming $10,500.00 and requesting referral for court proceedings.

26. No other claims or petitions were received for the Defendant Currency. After the time for filing claims and petitions administratively expired, DHS-CBP referred the matter to the United States Attorney to initiate a judicial forfeiture action. The District Court granted three extensions of time, to and including May 28, 2019, for the United States to complete its investigation and file this Complaint.

## PERTINENT STATUTES AND REGULATIONS

27. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture, distribute, or dispense – or possess with intent to manufacture, distribute, or dispense – a controlled substance.

28. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

29. The United States, to meet its burden under 21 U.S.C. § 881(a)(6), does not need to connect the Defendant Currency to a specific drug transaction, but may meet its burden by circumstantial evidence showing a connection to drug trafficking generally. *United States v. Funds in the Amount of $100,120*, 901 F.3d 758, 768 (7th Cir. 2018). A trained drug detection

canine's positive alert is probative evidence that currency was recently in contact with controlled substances. *United States v. Funds in the Amount of $30,670*, 403 F.3d 448, 461 (7th Cir. 2005) ("An alert to currency in most circumstances would indicate that the currency is not innocently tainted, but instead tainted through contact or close proximity to illegal narcotics.").

## CLAIM FOR RELIEF

30. Based on the allegations above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

By:   *s/ Eric P. Babbs*
    Eric P. Babbs
    Special Assistant United States Attorney
    Office of the United States Attorney
    10 W. Market St., Suite 2100
    Indianapolis, Indiana 46204-3048
    Telephone: (317) 226-6333
    Fax: (317) 226-5027

## VERIFICATION

I, Daron S. Babcock, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 04-24-19

Daron S. Babcock
Special Agent, HSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-04057 |
| ) | |
| $30,500.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO: ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 27th day of September, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against thirty thousand and five hundred dollars in United States Currency ("$30,500.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Laura A. Briggs, Clerk
　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.